IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMERIQUEST MORTGAGE COMPANY;
and AMC MORTGAGE SERVICES, INC.

        Appellants,

v.                                                         CV 10-PT-1147-S

JAMES R. SANDLIN and
JAN H. SANDLIN

        Appellees.

MEMORANDUM OPINION

      This cause comes before the court on Appellant Ameriquest Mortgage Company's ("Ameriquest") motion for leave to appeal the bankruptcy court's April 8, 2010 order denying in part Ameriquest's summary judgment motion. (Doc. 1-3.) Appellees ("Sandlins") responded in opposition to Ameriquest's motion for leave to appeal. (Doc. 1-6.) At this court's request (Doc. 3), the parties briefed the issue of Ameriquest's right to seek permission to appeal. (Doc. 4, Doc. 6.)

**Jurisdiction**

      This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(3), which provides that United States district courts shall have jurisdiction to hear appeals "with leave of the court, from...interlocutory orders and decrees" of bankruptcy judges serving in that judicial district. The district court has discretion over whether to hear appeals from interlocutory orders of the

Case 08-00191-TOM    Doc 209    Filed 06/16/10    Entered 06/16/10 08:50:26    Desc Main
Document      Page 1 of 7

bankruptcy judge.

Section 158(a) does not give a standard for the district court to use in deciding whether to grant leave to appeal.  However, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders."  *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).  *See also In re Tate*, 2010 U.S. Dist. LEXIS 22278, at *12 (S.D. Ala. Mar. 9, 2010) (In wielding discretion to grant interlocutory appeals pursuant to 28 U.S.C. § 158(a), "district courts typically adopt and apply the more general standards for certification of interlocutory appeals prescribed by 28 U.S.C. § 1292(b).").

Section 1292(b) sets a high bar for interlocutory appeals.  "Indeed, to obtain § 1292(b) certification, the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves 'a controlling question of law as to which there is substantial ground for difference of opinion.' 28 U.S.C. § 1292(b).  Most interlocutory orders do not meet this test."  *OFS Fitel, LLC v. Epstein*, 549 F.3d 1344, 1359 (11th Cir. 2008).

**Contentions of the Parties**

　　A. Ameriquest

Ameriquest's requested appeal raises two issues, the second contingent on the first:

(1) Whether a debtor has a private right of action, and can be entitled to an award of damages, for alleged violations of 11 U.S.C. §§ 502 and 506 and Federal Rules of Bankruptcy Procedure 2016 and 3001; and if a debtor does have a private right of action,

(2) Whether the holder of a mortgage on a debtor's principal residence has the right to assess post-petition, contractually-permitted charges to a debtor's account without bankruptcy

court approval.  (Doc. 1-3.)

Ameriquest contends that interlocutory review of these issues would resolve a controlling question of law presenting substantial grounds for difference of opinion, and that resolution of the issues in favor of Ameriquest will bring the adversary action before the bankruptcy court to a close.

**B.  Sandlins**

The Sandlins respond that no appeal is merited because the bankruptcy judge, in her memorandum opinion, never concluded that 11 U.S.C. §§ 502 and 506 create a private right of action.  Because there was no such holding, Ameriquest's first question for appeal is illusory—there is nothing to appeal.  Because Ameriquest made its second question for appeal contingent on the first, that question also fails to raise a real issue for consideration.  (Doc. 1-6.)

The Sandlins also contend that Ameriquest cannot meet the section 1292(b) standard for interlocutory appeal.  In particular, the Sandlins argue that Ameriquest has made no showing that there are substantial grounds for difference of opinion regarding Ameriquest's issues for appeal.

<u>Discussion</u>

**A.  Whether an interlocutory appeal is merited on the issue of whether 11 U.S.C. §§ 502 and 506 and Federal Rules of Bankruptcy Procedure 2016 and 3001 create a private right of action?**

Upon close review of Judge Mitchell's Memorandum Opinion below, it is clear that Judge Mitchell nowhere held that 11 U.S.C. §§ 502 and 506 or Rules 2016 and 3001 of the Federal Rules of Bankruptcy Procedure create a private right of action.  Indeed, Judge Mitchell explicitly recited and considered Ameriquest's arguments and statements of authority against the

existence of a private right of action. Rather than reject these arguments and find a private right of action, Judge Mitchell held that under 11 U.S.C. § 105(a), bankruptcy courts have "broad authority" to "fashion appropriate remedies for violations of the Bankruptcy Code and Rules." (Doc. 1-1 at 30-31.)  Because Judge Mitchell never held that a private right of action exists under 11 U.S.C. §§ 502 and 506 or Rules 2016 and 3001, this issue is not available for appeal. Therefore, Ameriquest's request to raise this issue on appeal will be denied.

**B. Whether an interlocutory appeal is merited on the issue of whether the holder of a mortgage on a debtor's principal residence has the right to assess post-petition, contractually-permitted charges to a debtor's account without bankruptcy court approval?**

In its motion for leave to appeal, Ameriquest made its second question contingent on an affirmative answer to the first question. Because the first question failed to raise an appealable issue, the Sandlins contend that this second issue must also fail. The Sandlins are correct.

Nevertheless, Judge Mitchell concluded that Ameriquest "had a duty to properly disclose the post-petition, pre-confirmation [§ 506(b)] fees in this case." (Doc. 1-1 at 42.)  If Judge Mitchell was incorrect, and Ameriquest had the right to assess post-petition, contractually-permitted charges to the Sandlins' account, it appears that the bankruptcy court would have no occasion to exercise its 11 U.S.C. § 105(a) power to remedy violations of the Bankruptcy Code and Rules. Therefore, this court should consider whether the second question creates an issue for appeal in its own right.

**1. Controlling Question of Law**

In applying the standards of § 1292(b), the first hurdle is whether the issue raised by Ameriquest presents a controlling question of law. 28 U.S.C. § 1292(b); *In re K. O. Trucking*

4

*Co., Inc.*, 99 B.R. 78, 79 (N.D. Ala. 1988). A question of law is one concerning "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal citation omitted). The question presented by Ameriquest is a question of law because it concerns the existence or non-existence of a creditor's statutory duty, regardless of whether the debtor has raised a dispute of material fact. It is controlling because resolution of this question in the negative would likely lead to dismissal of the case. *See In re Travelstead*, 250 B.R. 862, 865-66 (D. Md. 2000) ("An order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation."). Both counts remaining after Judge Mitchell's summary judgment order (Counts II and IV) can stand only if the Sandlins have alleged facts under which Ameriquest had a duty to disclose the post-petition, pre-confirmation fees it assessed to the Sandlins account.

### 2. Substantial Grounds for Difference of Opinion

Second, does the controlling question of law present substantial grounds for difference of opinion? 28 U.S.C. § 1292(b); *In re K. O. Trucking Co.*, 99 B.R. at 79. "The phrase 'substantial ground for difference of opinion among courts' implicitly requires that other courts have examined the same controlling question of law and that those courts reached different conclusions." *Smith v. Laddin*, 424 B.R. 529, 535 (N.D. Ala. 2010).

The bankruptcy court held that Ameriquest had a duty to disclose post-petition, pre-confirmation fees in part "to give the Plaintiffs the opportunity to satisfy these fees within their § 1322(b)(5) 'cure and maintenance plan.'" (Doc. 1-1 at 42.) In reaching this holding, the court

adopted the reasoning of Judge Mahoney in several Southern District of Alabama bankruptcy cases, including *In re Slick*, Case No. 98-14378, Adv. No. 99-1136, 2002 Bankr. LEXIS 772 at *18-19 (Bankr. S.D. Ala. May 10, 2002).  *See also In re Powe*, 278 B.R. 539, 553 (Bankr. S.D. Ala. 2002).  There are many cases in other jurisdictions in accord, such as *In re Jones*, 366 B.R. 584 (Bankr. E.D. La. 2007); *In re Sanchez*, 372 B.R. 289 (Bankr. S.D. Tex. 2007); and *In re Tate*, 253 B.R. 653 (Bankr. W.D.N.C. 2000).

Ameriquest has cited only one case holding that such fees need not be disclosed in a like situation—*In re Padilla*, 389 B.R. 409, 444 (Bankr. E.D. Pa. 2008).  While *Padilla* directly addresses, and disputes, Judge Mahoney's reasoning and that of the other decisions cited above, *id.* at 437-42, it is the only case suggested by Ameriquest to disagree with what otherwise seems to be well-settled reasoning.

Ameriquest also references a 2009 decision by this court affirming the bankruptcy court's order granting summary judgment in *Jacks v. Wells Fargo Bank*.  2:09-CV-01537 (Doc. 27.)  In *Jacks* and its member case *Isom v. Well Fargo*, the bankruptcy court entered, and this court affirmed, summary judgment on claims similar, but not identical, to those here.  In the *Jacks* case, Wells Fargo explicitly disavowed any intention to collect fees or costs from the Jacks if their Chapter 13 case was discharged.  *See Jacks* (Doc. 17 at 8-9.)  In the *Isom* case, the Isoms' bankruptcy case was dismissed before their Chapter Plan 13 was confirmed and before their action contesting the fees assessed by Wells Fargo was filed.  *See id.* at 10.  By contrast, the Sandlins' Chapter 13 "cure-and-maintenance" plan had not been dismissed or discharged at the time that the Sandlins filed the present adversary proceeding.  In holding that Ameriquest had a duty to disclose post-petition fees assessed to the Sandlins' account, Judge Mitchell reasoned that

6

without such disclosure, the Sandlins would not have the opportunity to choose whether to satisfy those fees within their Section 13 "cure and maintenance" plan.  By contrast, the *Jacks* case involved fees that Wells Fargo never intended to collect, and the *Isom* case involved undisclosed fees in a case that had already been dismissed.  These distinctions between the present case and the *Jacks* and *Isom* cases significantly lessen the force of Ameriquest's argument that an interlocutory appeal is appropriate at this juncture[1].  In short, Ameriquest has failed to show that there are substantial grounds for difference of opinion on the question of law it seeks to appeal here.

**Conclusion**

For the reasons stated above, Ameriquest's motion for leave to file an interlocutory appeal will be **DENIED**.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no holdings of law in this discussion of the distinctions between the present case and the *Jacks* and *Isom* cases.  The Court simply notes that the present case can be distinguished from the *Jacks* and *Isom* cases for purposes of applying § 1292(b)'s standard for when an interlocutory appeal should be allowed.