IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JAMES R. SANDLIN and | ) | Case No. 10-00048-TOM-13 |
| JAN H. SANDLIN | ) | |
|     Debtors. | ) | |

| | | |
|---|---|---|
| JAMES R. SANDLIN and | ) | |
| JAN H. SANDLIN, individually and on | ) | |
| behalf of all other similarly situated | ) | |
| Ameriquest Mortgage Company, Inc. | ) | |
| Mortgagors, | ) | |
| | ) | |
|     Plaintiffs, | ) | A.P. No. 08-00191-TOM-13 |
| vs. | ) | |
| | ) | |
| AMERIQUEST MORTGAGE CO., INC., | ) | |
| AMC MORTGAGE SERVICES, INC. | ) | |
| and Citi Residential Lending, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendants' Motion For Judgment On Issue Of Res Judicata Pursuant To Federal Rule Of Bankruptcy Procedure 7052 (A.P. No. 213)[1](hereinafter, "Defendants' Motion"). The Court has also considered Defendants' Brief In Support Of Its Rule 7052 Motion For Judgment On Res Judicata (A.P. No. 214)(hereinafter, "Defendants' Brief"), Plaintiffs' Response To Ameriquest's Motion For Judgment On Issue Of Res Judicata Pursuant To Rule 7052 (A.P. No. 218), and Defendants' Reply To Plaintiffs' Response To Defendants'

---

[1] References to pleadings in the main bankruptcy case (06-03792-TOM13) are referred to as "Proceeding No.," while references to pleadings in the adversary proceeding (08-00191-TOM) are referred as "A.P. No."

Motion For Judgment On Issue Of Res Judicata Pursuant To Rule 7052 (A.P. No. 219)(hereinafter, "Defendants' Reply"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334 and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[3] This Court has considered the pleadings, evidence, arguments of counsel, and the law and finds and concludes as follows.[4]

## I. FINDINGS OF FACT[5]

In addition to the findings of fact set forth hereinafter, the Court hereby adopts as additional findings of fact all facts set forth in this Court's 1) Summary Judgment Memorandum Opinion dated April 8, 2010 (A.P. No. 177), and 2) Memorandum Opinion Denying Motion For Class Certification entered contemporaneously herewith. On June 29, 2007, Plaintiffs filed a lawsuit ("State Court Lawsuit")(Defendants' Motion, Attachment A) against Defendants in the

---

[2]The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3]28 U.S.C. §157(b)(2)(A) provides:
(b)(2)Core proceedings include, but are not limited to–
(A) matters concerning the administration of the estate[.]

[4]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

Circuit Court of Jefferson County, Alabama, which generally alleged that 1) Defendants had knowingly misrepresented and concealed certain material facts during the process leading to the eventual refinancing of Plaintiffs' previous home mortgage; 2) Defendants had overcharged Plaintiffs for services related to the refinancing of Plaintiffs' previous home mortgage; and 3) Defendants had "consistently charged and added excessive and unauthorized fees and charges to Plaintiffs' mortgage." Defendants filed a Motion For Summary Judgment, which requested the dismissal of every claim in Plaintiffs' First Amended Complaint. *See* Defendants' Motion For Judgment On The Pleadings at 2 (A.P. No. 46). On August 11, 2008, Judge Edward Ramsey entered an Order (Defendants' Motion, Attachment C) which granted Defendant's Motion For Summary Judgment "on all claims except that any claim of plaintiffs for money due for overcharges for recording fees and title search are dismissed without prejudice." *See* Defendants' Motion, Attachment C, ¶ 4.

On July 29, 2008, prior to Judge Ramsey's decision, Plaintiffs filed this adversary proceeding (A.P. No. 1) against Defendants, which seeks class-wide relief for Defendants' failure to disclose post-petition, pre-confirmation bankruptcy-related fees prior to confirmation. In response, Defendants filed a Motion For Judgment On The Pleadings (A.P. No. 46)(hereinafter, "Defendants' MJP"), in which they asserted that Plaintiffs are barred by, *inter alia*, the doctrine of res judicata from prosecuting the claims in this adversary proceeding. In support of this res judicata argument, Defendants argued that Plaintiffs' claims against Defendants in this adversary proceeding, though brought under different legal theories than the claims asserted by Plaintiffs in the State Court Lawsuit, are "nearly identical" since they "arise from the same nucleus of circumstances;" "the same evidence supports both claims;" and both involve "the same alleged

3

wrong" (*i.e.* the improper assessment of charges and fees to Plaintiffs' mortgage account). *See* Defendants' MJP at 6; Defendants' Reply In Support Of Motion For Judgment On The Pleadings (A.P. No. 67) at 12. During a hearing on this matter held on December 15, 2008 (A.P. No. 72), the Court denied in full Defendants' MJP. With respect to Defendants' res judicata argument, the Court, after reviewing the State Court Lawsuit Complaint and the State Court Lawsuit First Amended Complaint, noted that it was of the opinion that the claims of the State Court Lawsuit were wholly unrelated to the claims in this adversary proceeding, as the State Court Lawsuit claims were associated with the relationship between Plaintiffs and Defendants during the transactional process which led to the eventual refinancing of Plaintiffs' mortgage by Defendants. *See* A.P. No. 72. By contrast, the claims of this adversary proceeding arise out of Defendants' post-refinancing assessment of post-petition, pre-confirmation bankruptcy fees. *See* A.P. No. 72. Therefore, the Court held that res judicata was not a bar to Plaintiffs' claims in this adversary proceeding. *See id.*

On March 13, 2009, Defendants filed a Motion For Summary Judgment (A.P. No. 142), in which Defendants asserted that they were not under any duty to disclose the disputed fees prior to confirmation.[6] On April 8, 2010, the Court denied in part Defendants' Motion For Summary Judgment, holding that Defendants did have a duty under 11 U.S.C. § 506(b) to disclose the disputed fees prior to confirmation. *See* A.P. No. 177. Subsequently, the Court held hearings on June 14, 2010, and August 2, 2010, to consider Plaintiffs' Amended Motion For Class Certification arguments. *See* A.P. Nos. 211-12, 220. In the interim, Defendants filed their

---

[6]Defendants did not raise res judicata as a bar to Plaintiffs' claims in this adversary proceeding in their Motion For Summary Judgment. *See* A.P. No. 142.

4

Motion and Brief in support thereof, in which Defendants assert that Plaintiffs are barred by the doctrine of res judicata from prosecuting the remaining claims in this adversary proceeding. *See* A.P. Nos. 213-14.

Defendants argue that they may now reassert their res judicata argument pursuant to Federal Rule of Bankruptcy Procedure 7052(c)[7] because the record on the issue of res judicata has been expanded to include additional facts. *See* Defendants' Brief at 10; Defendants' Reply at 1-2, 4-7. Defendants assert that the record on the issue of res judicata was completed on June 14, 2010, when Plaintiffs testified that they had received notice of the disputed fees on three separate occasions prior to the filing of the State Court Lawsuit. *See* Defendants' Brief at 10; Defendants' Reply at 4-7. According to Defendants, the issue of whether Plaintiffs had knowledge/notice of the disputed fees prior to the filing of the State Court Lawsuit "is one of the factual predicates underlying this Court's res judicata analysis."[8] *See* Defendants' Reply at 7.

Defendants assert that each of the four elements of res judicata is satisfied in this case. The first three elements - 1) "a final judgment on the merits;" 2) the judgment was "rendered by a court of competent jurisdiction;" and 3) parties "identical in both suits" - are satisfied because the

---

[7]Federal Rule of Bankruptcy Procedure 7052 provides that "Rule 52 F. R. Civ. P. applies in adversary proceedings .... (c) If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence."
[8]Interestingly, Defendants assert in their Reply that Plaintiffs' knowledge of the disputed fees and any potential claims arising therefrom at the time of the filing of the State Court Lawsuit is immaterial since "it is the existence of the present claim, not party awareness of it, that controls" the Court's res judicata analysis. *See* Defendants' Reply at 11-12 (quoting *Baldwin v. Citigroup, Inc. (In re Baldwin)*, 307 B.R. 251, 266 (M.D. Ala 2004)(quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)).

5

Circuit Court of Jefferson County entered a final judgment on the merits in the State Court Lawsuit to which Plaintiffs and Defendants were parties. *See* Defendants' Brief at 3 (citing *Stewart v. Brinley*, 902 So.2d 1, 9 (Ala. 2004); *Hughes v. Martin*, 533 So.2d 188, 190 (Ala. 1988)). Therefore, the issue of whether res judicata operates to bar this adversary proceeding "turns on the fourth element" of res judicata - 4) "the same cause of action must be involved in both actions." *See id.*

Defendants assert that the State Court Lawsuit and this adversary proceeding involve the "same cause of action" (*See* Defendants' Reply at 8 (citing *Stewart*, 902 So.2d at 9)) because 1) the "primary wrong" alleged in the State Court Lawsuit is alleged in this adversary proceeding (*See id.* at 8-9 (citing *Herring-Malbis I, LLC v. TEMCO, Inc.*, 2009 Ala. Civ. App. LEXIS 537 (Ala. Civ. App. Oct. 30, 2009)); 2) the legal theories of the State Court Lawsuit and this adversary proceeding, though different, arise "from the same nucleus of operative facts" (*See id.* at 8);" and 3) "the evidence applicable in both actions is substantially the same." *See id.* at 9. With respect to the first argument, Defendants note that the State Court Lawsuit and this adversary proceeding involve Defendants' allegedly improper charging of mortgage fees; therefore, there is a "primary wrong" at issue in the State Court Lawsuit and this adversary proceeding. *See* Defendants' Brief at 12; Defendants' Reply at 10-11. In support of their second argument, Defendants assert that all of the fees complained of in the State Court Lawsuit and this adversary proceeding were charged by Defendants under the same contract, and all of the disputed fees were "charged, disclosed and paid" prior to the filing of either lawsuit. *See* Defendants' Brief at 12-13; Defendants' Reply at 10-11. Defendants conclude that the causes of action outlined in the State Court Lawsuit and this adversary proceeding arose "out of the same

6

nucleus of operative facts," and they rely on the same reasoning for their third argument. *See id.*

## II.  CONCLUSIONS OF LAW

The Court notes that the denial of a motion for judgment on the pleadings does not always prevent the movant from reasserting the arguments made in the motion for judgment on the pleadings at a later date. *See, e.g.*, *Petersen v. EMC Telecom Corp.*, No. CV-09-2552-PHX-GMS, 2010 WL 2490002, *6 (D. Ariz. June 16, 2010)("It is therefore ordered that the Motion for Judgment on the Pleadings . . . is denied.  The Individual Defendants, however, may again raise their challenge to arbitration on a motion for summary judgment"); *Mfr. Direct LLC v. DirectBuy, Inc.*, No. 2:05-CV-451, 2006 WL 2095247, *5 (N.D. Ind. 2006 July 26, 2006)(After denying Defendant's motion for judgment on the pleadings with respect to Plaintiff's Count One - breach of the implied covenant of good faith and fair dealing -, the Court noted that "[t]he parties are free to raise this issue again during summary judgment proceedings, if any"); Charles Alan Wright and Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.)("A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary").  Therefore, the Court's denial of Defendants' MJP does not prevent Defendants from reasserting their res judicata argument.

The Eleventh Circuit has held that res judicata will bar a subsequent action if "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Israel Discount Bank Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992)(citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *In*

7

re *Justice Oaks II, Ltd.*, 898 F.2d 1544, 1551 (11th Cir. 1990), *cert. denied*, 498 U.S. 959, 111 S. Ct. 387, 112 L.Ed.2d 398 (1990)). As to the fourth requirement, "cases involve the same cause of action for purposes of res judicata if the present case 'arises out of the same nucleus of operative fact . . . as a former action.'" *Entin*, 951 F.2d at 315 (quoting *Citibank*, 904 F.2d at 1053). "'In [determining whether the claims of the first action and second action arise out of the "same cause of action"], a court should compare the factual issues explored in the first action with the factual issues to be resolved in the second action." *Id.* Further, "a court must compare the substance of the actions, not their form." *Entin*, 951 F.2d at 315 (quoting *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)).

On December 15, 2008, during the hearing on Defendants' Motion For Judgment On The Pleadings, the Court, after reviewing the State Court Lawsuit Complaint and the State Court Lawsuit First Amended Complaint, found that the claims of this adversary proceeding were wholly unrelated to those asserted by Plaintiffs in the State Court Lawsuit; therefore, the "same cause of action" is not present in the State Court Lawsuit and this adversary proceeding. The Court held that res judicata is not a bar to Plaintiffs' claims in this adversary proceeding. In support of its opinion, the Court noted that the State Court Lawsuit focused upon the communications between Defendants and Plaintiffs during the transactional process leading to the eventual refinancing of Plaintiffs' mortgage by Defendants and Defendants' charging of certain non-bankruptcy fees in relation to the refinancing of Plaintiffs' mortgage. By contrast, the claims of this adversary proceeding focus upon Defendants' post-refinancing assessment of post-petition, pre-confirmation bankruptcy fees to Plaintiffs' Mortgage.

Defendants now reassert in this Motion the same res judicata argument they made in their

8

MJP and contend that the record on the issue of res judicata has expanded to include new, additional facts which this Court should consider when determining whether res judicata is a bar to Plaintiffs' claims in this adversary proceeding. Specifically, Defendants contend that the record now contains Plaintiffs' testimony affirming their notice/knowledge of the disputed fees in this case as of June 16, 2010.

In *Baldwin v. Citigroup, Inc. (In re Baldwin)*, 307 B.R. 251, 266 (M.D. Ala. 2004)(quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)), Judge Albritton noted that "'[f]or purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls.'" Therefore, whether Plaintiffs knew of the potential federal bankruptcy claims they are now asserting against Defendants in this adversary proceeding at the time they filed the State Court Lawsuit is immaterial. The relevant facts before the Court are the same as they were when the Court ruled on Defendants' MJP, and the Court still finds that the State Court Lawsuit and this adversary proceeding do not involve the "same cause of action," so res judicata is not a bar to Plaintiffs' claims in this adversary proceeding.

Though not raised by the parties, the Court believes the law-of-the-case doctrine is applicable to Defendants' Motion. In *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997), the Eleventh Circuit explained the law-of-the-case doctrine as follows: "Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." The *Escobar* Court then proceeded to note that the law of the case must be followed "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision

9

Case 08-00191-TOM    Doc 223    Filed 10/21/10    Entered 10/21/10 15:16:50    Desc Main
Document      Page 9 of 12

was clearly erroneous and would work a manifest injustice." *Escobar-Urrego*, 110 F.3d at 1561. Therefore, as the United States District Court for the District of Columbia noted, "a summary judgment motion 'may not be [successful if] made on the same grounds and with the same showing that led to the denial of a previous motion to dismiss.'" *PDK Labs Inc. v. Aschroft*, 338 F. Supp. 2d 1, 7 (D.D.C. 2004)(quoting 10 A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 2713 at 233 (2d. Ed. 1998)); *see also Church v. Wachovia Sec., Inc.*, No. 3:05CV422, 2008 WL 5429604, *9 (W.D.N.C. December 30, 2008)(citing *PDK Labs Inc.*, 338 F. Supp. 2d at 7)("Of course, a motion for summary judgment made on the same legal grounds and with the same factual showing that was the basis of a previous motion to dismiss may be subject to denial under the law of the case doctrine")).[9]

As noted above, Defendants previously argued in their MJP that Plaintiffs' claims in this adversary proceeding are barred by the doctrine of res judicata and that Motion was denied by this Court. Defendants now raise the same argument in their Motion brought pursuant to Federal Rule of Bankruptcy Procedure 7052(c), and the only different issue is Defendants' argument that

---

[9]Though these cases refer to the denial of motions to dismiss, not motions for judgment on the pleadings, and the subsequent denial of motions for summary judgment, not motions for judgment pursuant to Federal Rule of Bankruptcy Procedure 7052(c), based upon the law-of-the-case doctrine, the Court notes that motions to dismiss and motions for judgment on the pleadings are analogous, *See Entergy Svcs., Inc. v. Union Pacific R. Co.*, 99 F. Supp. 2d 1080, 1082 (D. Neb. 2000)(citing 2 Moore's Federal Practice (3d ed.) § 12.38 ("motions for judgment on the pleadings and motions to dismiss for failure to state a claim are analogous motions to which the same standards apply"), and that motions for summary judgment and motions for judgment pursuant to Rule 7052(c) are sufficiently similar for purposes of applying the foregoing authorities to this case since both motions may utilize evidence outside of the pleadings. Therefore, the foregoing cases are instructive when considering whether the law-of-the- case doctrine bars a litigant from asserting legal arguments in a Rule 7052(c) motion that have already been addressed in a motion for judgment on the pleadings that was denied by the Court.

Case 08-00191-TOM    Doc 223    Filed 10/21/10    Entered 10/21/10 15:16:50    Desc Main
Document      Page 10 of 12

new facts were brought to light - the Plaintiffs' notice of the disputed fees. As previously noted however, the Plaintiffs' notice or knowledge of those charges do not impact the res judicata analysis, so nothing has changed since Defendants' MJP was submitted and denied. Therefore, the Court concludes that the law-of-the-case doctrine is applicable and provides additional grounds for denial of Defendants' Motion.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' Motion For Judgment On Issue Of Res Judicata Pursuant To Rule Of Bankruptcy Procedure 7052 shall be and hereby is **DENIED**. Dated this the 21st day of October, 2010.

A separate order consistent with this Memorandum Opinion will be entered.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge

TOM: rdt

xc: Robert Keller and Lange Clark, attorneys for Plaintiffs
Michael Hall, Stephen Bumgarner, and Jennifer Zeimann, attorneys for Ameriquest Mortgage Company and AMC Mortgage Services, Inc.
D. Sims Crawford, Standing Chapter 13 Trustee

11

12